# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. LEACH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TOM CAREY, T. DREW,<br>D. SCHROEDER, and HAWS,<br><br>　　　　　　Defendants.<br>_____/ | 1:00-cv-06139-LJO-GSA-PC<br><br>ORDER ADDRESSING PLAINTIFF'S MOTION FOR SETTLEMENT<br><br>(Doc. 116 resolved.)<br><br>ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL<br><br>THIRTY-DAY DEADLINE |

**I.　BACKGROUND**

Plaintiff Donald R. Leach ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 2, 2000. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint, filed December 2, 2002, against defendants Tom Carey, T. Drew, D. Schroeder, and Haws ("Defendants").[1] (Doc. 46.)

On March 12, 2004, Defendants filed a Motion for Summary Judgment. (Doc. 66.) On August 23, 2004, the Court granted summary judgment as to all claims except Plaintiff's Eighth

---

[1] The complaint is entitled "Third Amended Complaint;" however, a review of the record shows it is actually plaintiff's Second Amended Complaint. The original Complaint was filed on August 2, 2000, and the First Amended Complaint was filed on March 12, 2001. (Docs. 1, 14.)

1

Amendment failure-to-protect claim and the defense of qualified immunity.[2]  (Doc. 78.)  On interlocutory appeal, the Ninth Circuit found that the district court failed to use the appropriate legal standard to decide the qualified immunity issue and remanded the ruling for reconsideration.  (Doc. 95 at 5 ¶1.)  On April 26, 2007, Defendants filed a supplemental Motion for Summary Judgment, addressing the remanded issue. (Doc. 99.)  On March 6, 2008, the district court denied the supplemental Motion for Summary Judgment.  (Doc. 108.)  On March 17, 2008, Defendants appealed the district court's decision to the Ninth Circuit. (Doc. 109.)  On June 28, 2010, the Ninth Circuit issued an order affirming the district court's decision, and the mandate was entered on August 19, 2010.  (Docs. 115, 118.)  At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

**II.     MOTION FOR SETTLEMENT**

On July 13, 2010, Plaintiff filed a Motion to participate in settlement proceedings via the Court.  (Doc. 116.)  The Court is able to refer cases for mediation before a participating United States Magistrate Judge.  Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California.  Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[3]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference.  If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to participate in settlement proceedings is resolved by this order; and

---

[2] By the court's order of August 23, 2004, defendant Lim was dismissed from the action, leaving only defendants Carey, Drew, Schroeder, and Haws.  (Doc. 78.)

[3] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

2

1  2. Within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[4]

IT IS SO ORDERED.

Dated:   **September 15, 2010**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[4] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.  If the case is referred for settlement, the case will be stayed by order pending completion of the settlement conference.