IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. LEACH, | 1:00-cv-06139-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| vs. | (Doc. 132.) |
| TOM CAREY, T. DREW, D. SCHROEDER, and HAWS, | |
| Defendants. | |
| _____/ | |

**I.  BACKGROUND**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Donald R. Leach ("Plaintiff"), a state prisoner proceeding pro se. Plaintiff is presently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff filed the Complaint commencing this action on August 2, 2000. (Doc. 1.) On December 17, 2010, Plaintiff and Defendants participated in settlement proceedings before Magistrate Judge Jennifer L. Thurston, and the case was settled. (Doc. 125.) On January 3, 2011, the case was dismissed, with prejudice, pursuant to the parties' stipulation. (Doc. 127.)

On November 14, 2011, Plaintiff filed a motion to compel Defendants to provide him with a boom box, pursuant to the settlement agreement. (Doc. 132.) On February 28, 2012, Defendants filed a response. (Doc. 137.) Plaintiff did not file a reply. Plaintiff's motion to compel is now before the court.

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff brings a motion to compel Defendants to abide by the agreement made during settlement proceedings. Plaintiff declares that the parties reached an agreement at the settlement conference "that a CDCR chrono would be generated allowing purchase of a new boom-box from an approved vendor." (Declaration of Donald Leach ("Leach Decl."), Doc. 132 at 4:11-15.) Plaintiff provides evidence that the chrono was generated on February 15, 2011, signed by W. R. Adams, CCII, Litigation Coordinator at KVSP, allowing for special purchase of "a 'CD/Boombox' with funds received as a result of the settlement." (Exh. A to Motion to Compel, Doc. 132.) Plaintiff also provides evidence that on September 20, 2011, he received a boom box which he had arranged to purchase through an approved vendor, and on October 26, 2011, Correctional Officer Ballisteras [*sic*] told Plaintiff that he was not allowed to keep the boom box and it was being returned to the vendor. (Leach Decl. at 5:10-16, and Exh. B.) Plaintiff argues that the boom box should not have been returned, because before ordering the boom box, he took measures to find an approved vendor to ship the item and wrote to CCII Adams several times, asking if there were any special restrictions, and no one responded. (Id. at 4-5.) Plaintiff requests an order compelling Defendants to abide by the settlement agreement by providing him with the means to obtain a boom box. In the alternative, Plaintiff requests that a new settlement conference or trial be scheduled. Plaintiff also requests monetary compensation and an order holding Defendants, their attorneys, and agents in contempt of court.

Defendants argue that they did not violate the settlement agreement. Defendants agree that Plaintiff was allowed to purchase a boom box pursuant to the settlement agreement. However, Defendants assert that under the agreement, any boom box purchased by Plaintiff was required to be consistent with California Department of Corrections and Rehabilitation ("CDCR") policies and procedures. (Declaration of M. Kubicek, Doc. 137-1 at ¶2.) Defendants provide evidence that the boom box ordered by Plaintiff did not comply with CDCR policies and procedures, because it was not clear-cased, it was too big, and it exceeded the value requirement because the cost exceeded $150. (Declaration of S. Ballesteros, Doc. 137-2 at ¶2.)

///

2

**III.   CONCLUSION**

The court has examined the evidence and finds that the settlement agreement was not breached by Defendants. The parties agree that under the agreement, Plaintiff is permitted to purchase a boom box. However, evidence shows that under the terms of the agreement, Plaintiff is only allowed to purchase a boom box consistent with CDCR's policies and procedures. As stated on Plaintiff's chrono, Plaintiff is only "allowed to order the CD/Boombox in accordance with KVSP policies." (Exh. A to Motion to Compel, Doc. 132.). Because the boom box purchased by Plaintiff was not in accordance with prison policies, the return of the boom box to the vendor was not a breach of the settlement agreement. Therefore, Plaintiff's motion to compel shall be denied. Plaintiff is advised that he should order a boom box which complies with the CDCR's and KVSP's policies and procedures, from an approved vendor, pursuant to the settlement agreement and the chrono.

Accordingly, in light of the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on November 12, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   March 21, 2012**             /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE